UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HANNA SAWKA, as Administratrix of the Estate
of JAN SAWKA, deceased, and HANNA SAWKA,
Individually,

                Plaintiff,

v.

UNITED STATES OF AMERICA,

                Defendant.

**COMPLAINT**

Case No.: 1:19-cv-01156 (MAD/TWD)

---

Plaintiff HANNA SAWKA, by and through her counsel, MORELLI LAW FIRM PLLC, for her Complaint against the Defendant, United States of America, states as follows:

## NATURE OF THE CASE

1. This is a civil action against the Defendant United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* and 28 U.S.C. § 1346, for negligence, professional malpractice, and wrongful death in connection with medical care provided to decedent JAN SAWKA at THE INSTITUTE FOR FAMILY HEALTH between 2010 and August 9, 2012.

2. The claims herein are brought against the Defendant pursuant to the FTCA for money damages as compensation for personal injuries and wrongful death caused by the Defendant's negligence and professional malpractice.

1

## JURISDICTION

3. Jurisdiction is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b).

4. Jurisdiction founded upon the federal law is proper because this action is premised upon federal causes of action under the FTCA.

5. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the FTCA.

6. This action has been timely filed pursuant to 28 U.S.C. § 2679(d)(5) because Plaintiff timely served her notices of claim on the United States Department of Health & Human Services within sixty (60) days of the dismissal of the underlying civil action in New York Supreme Court, New York County (Index No.: 805250/2014) and because the underlying New York Supreme Court action was timely commenced.

7. Plaintiff is now filing this Complaint pursuant to 28 U.S.C. §§ 2401(b) and 2675(a) after receiving the United States Department of Health & Human Services' notice of final denial of administrative claims dated April 3, 2019.

## VENUE

8. Venue is proper under 28 U.S.C. § 1402(b) because the Northern District of New York is the District in which the Plaintiff resides and because all, or a substantial part, of the acts and omissions forming the basis of Plaintiff's claims occurred in the Northern District of New York.

## PARTIES

9. Plaintiff HANNA SAWKA is a resident of Ulster County, New York. She is the wife of the decedent JAN SAWKA. Letters of Administration were issued to Plaintiff HANNA

SAWKA on or about January 25, 2013 by the Ulster County Surrogate's Court, Honorable Mary M. Work.

10. Decedent JAN SAWKA was a prominent artist. His work sold in galleries that consisted of paintings, sculptures, engravings, editorial illustrations, architectural installations, peace monuments, light shows, and a ten-story stage set for the Grateful Dead's 25th Anniversary concert.

11. At all times relevant to this Complaint, Defendant United States of America owned and operated a health care facility known as THE INSTITUTE FOR FAMILY HEALTH located at 279 Main Street, New Paltz, New York 12561.

12. THE INSTITUTE FOR FAMILY HEALTH is a federally qualified health center through which the Defendant United States of America provides health care services.

13. At all times relevant to this Complaint, the Defendant, its agents, servants and employees, including but not limited to MAREK BALUTOWSKI, M.D., operated, maintained, managed, controlled, and supervised the facility known as THE INSTITUTE FOR FAMILY HEALTH located at 279 Main Street, New Paltz, New York 12561, which held itself out to the public at large and, more particularly, to the Plaintiff's decedent herein, as a medical center or facility duly qualified and capable of rendering adequate medical care and treatment and for such purposes hired physicians, anesthetists, doctors, nurses, attendants, and other personnel.

14. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff at THE INSTITUTE FOR FAMILY HEALTH, including but not limited to MAREK BALUTOWSKI, M.D., were employed by the Defendant and were acting within the scope of their federal employment. Furthermore, the Defendant is

responsible for the negligent acts and omissions of its employees and agents under respondeat superior.

15. At all times relevant to this Complaint, MAREK BALUTOWSKI, M.D., held himself out as a physician duly licensed to practice medicine in the State of New York.

16. At all times relevant to this Complaint, MAREK BALUTOWSKI, M.D. held himself out to the public at large and, more particularly, to the Plaintiff's decedent herein, JAN SAWKA, as a medical doctor duly qualified and competent to render requisite medical care and treatment to tire public at large and, more particularly, to the Plaintiff's decedent herein, JAN SAWKA.

17. At all times relevant to this Complaint, MAREK BALUTOWSKI, M.D. maintained an office and provided medical care to patients at the Defendant's facility known as THE INSTITUTE FOR FAMILY HEALTH located at 279 Main Street, New Paltz, New York 12561.

18. At all times relevant to this Complaint, MAREK BALUTOWSKI, M.D. was an employee of the Defendant and was acting within the scope of his federal employment.

19. At all times relevant to this Complaint, the Defendant's facility THE INSTITUTE FOR FAMILY HEALTH and the Defendant's employee MAREK BALUTOWSKI, M.D. were the decedent's primary care provider.

## FACTUAL ALLEGATIONS

20. In or about 2010 and prior and subsequent thereto through on or about August 9, 2012 and prior and subsequent thereto, decedent JAN SAWKA came under the medical care and treatment of the Defendant and its employees, including but not limited to MAREK

4

BALUTOWSKI, M.D., at the Defendant's THE INSTITUTE FOR FAMILY HEALTH located at 279 Main Street, New Paltz, New York 12561.

21. Decedent JAN SAWKA's medical history included cardiac issues and he underwent a bypass procedure at Albany Medical Center in or about December 2010.

22. In the months and weeks prior to his passing on August 9, 2012, decedent JAN SAWKA repeatedly presented to his primary care provider, MAREK BALUTOWSKI, M.D. and THE INSTITUTE FOR FAMILY HEALTH, with health and cardiac complaints, including but not limited to chest pain, that MAREK BALUTOWSKI, M.D. and THE INSTITUTE FOR FAMILY HEALTH ignored, disregarded, and/or otherwise failed to heed, appreciate, and treat as indicated.

23. THE INSTITUTE FOR FAMILY HEALTH and MAREK BALUTOWSKI, M.D. were aware of the decedent's medical history, including his history of cardiac issues.

24. On or about August 9, 2012, decedent JAN SAWKA experienced chest pain and other symptoms and EMS was called to transport him from his home to the hospital.

25. Marbletown First Aid arrived, stabilized decedent JAN SAWKA, and transported him to Kingston Hospital in Kingston, New York.

26. Decedent JAN SAWKA died of a heart attack shortly after his arrival to Kingston Hospital on August 9, 2012.

27. Prior to his death, decedent JAN SAWKA experienced pain and suffering, including but not limited to, crushing chest pain, fear of imminent death, and a "shock state" prior to asystole.

28. Decedent JAN SAWKA was sixty-five (65) years old at the time of his death.

29. Decedent JAN SAWKA was a prominent artist and was still working at the time of his death. At the time of his death, he was completing a ten-year project called "The Voyage" consisting of a series of twelve hundred images to be projected on a set of giant outdoor screens to Grateful Dead music.

30. Decedent JAN SAWKA and Plaintiff HANNA SAWKA have one child, a daughter named HANNA SAWKA.

31. Prior to his death, decedent JAN SAWKA supported his wife HANNA SAWKA and his daughter HANNA SAWKA financially.

32. Prior to his death, decedent JAN SAWKA provided support, services, society, companionship, and consortium for his wife HANNA SAWKA.

33. Prior to his death, decedent JAN SAWKA provided emotional support and guidance to his daughter HANNA SAWKA.

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE AND MEDICAL MALPRACTICE

34. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

35. At all times relevant to this Complaint, the Defendant and its agents, servants, and employees, including but not limited to MAREK BALUTOWSKI, M.D., had a non-delegable duty to render medical and nursing care and treatment to patients in general, and to decedent JAN SAWKA in particular, in accordance with approved methods of care and treatment generally used in the community and in accordance with standards of good and accepted medical and nursing practice.

36. At all times relevant to this Complaint, the Defendant and its agents, servants, and employees, including but not limited to MAREK BALUTOWSKI, M.D., had a non-delegable duty to possess such reasonable degree of skill and learning as is ordinarily possessed by health care facilities and professionals in the community and to render medical and nursing care and treatment in accordance with standards of good and accepted practice and to use reasonable care, diligence, and judgment in the exercise of such skill and in the application of such learning, and to employ in the treatment of patients in general and of the Plaintiff's decedent in particular, approved methods of care and treatment in general use in the community, and to afford to patients in general, and to the plaintiff's decedent in particular, due, reasonable, and proper skill, diagnosis, and treatment, as well as proper medical and nursing care.

37. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff at THE INSTITUTE FOR FAMILY HEALTH, including but not limited to MAREK BALUTOWSKI, M.D., were employed by the Defendant and were acting within the scope of their federal employment. Furthermore, the Defendant is responsible for the negligent acts and omissions of its employees and agents under respondeat superior.

38. The above referenced medical and nursing care, diagnosis, treatment, and services that the Defendant and its employees, including but not limited to MAREK BALUTOWSKI, M.D., rendered to decedent JAN SAWKA between 2010 and August 9, 2012 were rendered carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical and nursing care, diagnosis, treatment, and services in the community, and the Defendant and its

agents, servants, and employees were otherwise negligent in their care and treatment of the decedent. As such, the Defendant breached its duty of care to decedent JAN SAWKA.

39.     Among other things, the Defendant, its servants, agents, and employees were careless and negligent and deviated from accepted standards of medical and nursing care in the treatment rendered to decedent JAN SAWKA: in failing to take a proper medical history; in failing to heed and appreciate decedent's medical history, including but not limited to decedent's cardiac history; in failing to perform indicated physical examinations; in failing to perform tests or studies to determine decedent's cardiac condition; in failing to perform an indicated cardiac work-up; in failing to heed and appreciate the results of tests or studies; in failing to head and appreciate decedent's cardiac complaints, including but not limited to chest pain; in failing to perform an EKG in a timely manner; in failing to perform a chest x-ray in a timely manner; in failing to refer decedent to a cardiologist; in failing to refer decedent to a specialist for further testing; in failing to take decedent's medical history in account in assessing his complaints, signs, and symptoms; in ignoring decedent's complaints, including but not limited to his complaints of chest pain; in negligently treating decedent's complaints, including but not limited to his complaints of chest pain; in failing to properly study and/or interpret the result of the tests, studies, and imaging that were performed; in failing to properly evaluate the decedent in light of his medical condition; in failing to conform to and follow proper, safe, and correct medical procedures; in failing to properly monitor the decedent's condition, including his cardiac condition; in failing to properly monitor the decedent's progress; in performing the medical testing in a careless and untimely fashion; in failing to follow standard and accepted medical and diagnostic practice and procedure; in failing to examine and evaluate the decedent's condition properly and adequately in accordance with

standard and accepted medical and diagnostic practice and procedure; in failing to properly diagnose the plaintiff's decedent's true condition; in failing to formulate a differential diagnosis for plaintiff's complaints; in failing to provide proper and adequate follow-up care to the decedent; in failing to recognize the true significance of the signs and symptoms presented by the decedent; in failing to observe and take heed of the decedent's objective and subjective symptomatology and clinical manifestations; in causing and allowing the decedent's condition to deteriorate and worsen; in failing to prevent a heart attack; in failing to perform proper tests and studies; in failing to properly read and interpret the results of those tests that were taken; in failing to employ the use of such tests to render a proper, adequate, complete, true and timely diagnosis of the decedent's true condition; in failing to properly and adequately supervise and monitor the physicians, consultants and other staff and personnel rendering care and treatment to the decedent; in failing to issue proper, adequate, and indicated medical orders and/or instructions; in failing to follow medical orders and/or instructions; in failing to follow applicable policies and procedures; in failing to hospitalize the decedent; in abandoning the s decedent; in managing and treating the decedent in such a negligent and careless manner so as to cause, permit, and allow the decedent to suffer the injuries alleged herein; in causing, permitting and allowing the conscious pain and suffering and the injuries alleged herein; in causing the untimely death of decedent; in failing to keep apprised and abreast of current medical literature and standards; in failing to comply with and abide by applicable laws, rules, regulations, codes, statutes, and ordinances in all cases made and provided; and the Defendant was otherwise careless and negligent.

40. As a result of the aforementioned carelessness, negligence, and departures from accepted standards of medical and nursing care of Defendant, decedent JAN SAWKA was caused

to sustain serious and permanent personal injuries, including, among other things: chest pain; difficulty breathing; severe pain, agony, injury, suffering, disability, and a loss of enjoyment of life; fear of imminent death; untimely death; emotional pain, anguish, and distress until his untimely death; and decedent was otherwise damaged.

41. The acts and/or omission set forth above constitute a claim under the law of the State of New York.

42. The Defendant is liable pursuant to the FTCA and 28 U.S.C. § 1346(b)(1).

## COUNT II – NEGLIGENT HIRING AND SUPERVISION

43. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

44. At all times relevant to this Complaint, the Defendant had a non-delegable duty to hire personnel including physicians and nurses for its facility known as THE INSTITUTE FOR FAMILY HEALTH who were skillful and possessed the requisite knowledge and skill of medical and nursing professionals in the community.

45. At all times relevant to this Complaint, the Defendant had a non-delegable duty to supervise its employees, agents, and servants at its facility known as THE INSTITUTE FOR FAMILY HEALTH, including but not limited to MAREK BALUTOWSKI, M.D., to ensure that said personnel rendered medical and nursing care and treatment to patients in general, and to decedent JAN SAWKA in particular, in accordance with approved methods of care and treatment generally used in the community and in accordance with standards of good and accepted medical and nursing practice.

46. At all times relevant to this Complaint, the Defendant was negligent in hiring and supervising medical and nursing personnel, including but not limited to MAREK BALUTOWSKI, M.D., who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community. As such, the Defendant breached its duty of care to decedent JAN SAWKA.

47. As a result of the aforementioned carelessness, negligence, and departures from accepted standards of medical and nursing care of the Defendant, decedent JAN SAWKA was caused to sustain serious and permanent personal injuries, including, among other things: chest pain; difficulty breathing; severe pain, agony, injury, suffering, disability, and a loss of enjoyment of life; fear of imminent death; untimely death; emotional pain, anguish, and distress until his untimely death; and decedent was otherwise damaged.

48. The acts and/or omission set forth above constitute a claim under the law of the State of New York.

49. The Defendant is liable pursuant to the FTCA and 28 U.S.C. § 1346(b)(1).

## COUNT III – WRONGFUL DEATH

50. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

51. The aforementioned carelessness, negligence, and departures from accepted standards of medical and nursing care of the Defendant caused the death of decedent JAN SAWKA on August 9, 2012.

52. By reason of the foregoing, plaintiff, HANNA SAWKA, and the heirs, distributees, and next-of-kin whom she represents were caused to sustain pecuniary loss and

injuries, loss of services, support, and companionship, and were caused to incur funeral expenses.

53. By reason of the above, Plaintiff brings this action for the wrongful death of Plaintiff's decedent on behalf of herself, and on behalf of all others entitled to compensation, including her daughter HANNA SAWKA, for damages, both general and special.

54. The acts and/or omission set forth above constitute a claim under the law of the State of New York.

55. The Defendant is liable pursuant to the FTCA and 28 U.S.C. § 1346(b)(1).

## COUNT IV – LOSS OF SERVICES, SUPPORT, SOCIETY, COMPANIONSHIP, AND CONSORTIUM

56. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

57. Plaintiff HANNA SAWKA was the wife of decedent JAN SAWKA, and as such was entitled to his services, support, society, companionship, and consortium.

58. That by reason of the aforementioned carelessness, negligence, and departures from accepted standards of medical and nursing care of the Defendant, Plaintiff HANNA SAWKA was deprived of the services, support, society, companionship, and consortium of her husband JAN SAWKA and shall forever be deprived of such.

59. The acts and/or omission set forth above constitute a claim under the law of the State of New York.

60. The Defendant is liable pursuant to the FTCA and 28 U.S.C. § 1346(b)(1).

12

## COUNT V – LOSS OF PARENTAL GUIDANCE AND SUPPORT

61. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

62. HANNA SAWKA was the daughter of decedent JAN SAWKA, and as such was entitled to his parental guidance and support.

63. That by reason of the aforementioned carelessness, negligence, and departures from accepted standards of medical and nursing care of the Defendant, HANNA SAWKA was deprived of the parental guidance and support of her father JAN SAWKA and shall forever be deprived of such.

64. The acts and/or omission set forth above constitute a claim under the law of the State of New York.

65. The Defendant is liable pursuant to the FTCA and 28 U.S.C. § 1346(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HANNA SAWKA does hereby pray that Judgment be entered in her favor and against the Defendant as follows:

(1) Pain and suffering damages in the amount of $2,500,000.00;

(2) Wrongful death damages in the amount of $7,500,000.00;

(3) Costs and attorneys' fees incurred in this civil action;

(4) Post-judgment interest; and

(5) Such other relief as the Court may deem just and proper.

Respectfully submitted,

MORELLI LAW FIRM PLLC

Benedict P. Morelli
777 Third Avenue, 31st Floor
New York, New York 10017
Tel: (212) 751-9800
Fax: (212) 751-0046

*Attorneys for Plaintiff*

Date: September 17, 2019